Seldbist, J.
The venire, which constitutes the foundation "of the proceedings against the plaintiff, was authorized by the statute, was regularly issued an'd served, and it was the duty of the plaintiff, in obedience to its commands, to have appeared to serve as a juror1, or to make a reasonable excuse for not doing so. The following is the section of the statute under which the fine was imposed upon him:
“ § 112. Every person who shall be duly summoned as a juror, and shall not appear nor render a reasonable excuse for his default, or appearing shall refuse to serve, shall be subject to the same fine, to be prosecuted for and collected with costs, in the same manner and applied to the same use, as herein-before provided in respect’ to a person subpoenaed as a witness and not appearing, or appearing and refusing to testify.” (2 B. S., p. 2.45, § 112.)
The provisions in regard to defaulting witnesses are as follows:
“ § 85. Every person duly subpoenaed as a witness, who shall not appear, or appearing, shall refuse to testify, shall for feit, for the use of the poor of the town, for every such nonappearance or refusal (unless some reasonable cause or excuse shall be shown on his oath or the oath of some other person), such fine, not less than sixty-two cents nor more than ten dollars, as the justice before whom prosecution therefor shall be had, shall think reasonable to impose.
“ § 86. Such fine may be imposed by the justice; if the witness be present and have an opportunity of being heard against the imposition thereof.
“ § 87. The justice imposing any fine, shall make up and enter in his docket a minute of the conviction and of the cause thereof, and the same shall be deemed a judgment in all respects, at the suit of the overseers of the poor of the town.
“ § 88. Upon the imposition of such fine, and in default of payment thereof with costs, the justice shall forthwith issue an execution to any constable of the county, directing him to levy such fine with costs, of the goods and chattels of the delinquent, and for want thereof, to take and convey him to *592 the jail of the county, there to remain until he shall pay such fine and costs; and the keeper of such jail is hereby required to keep such delinquent in close custody in such jail, until the fine and costs be paid; but such' imprisonment shall not exceed thirty days.
“ § 89. When the money shall be collected on such execution, the constable sháll return the same to the justice, and such justice shall pay over the amount of the 'fine imposed to the overseers of the poor of the town, for the use of the poor.” (2 R. S., 241.)
These, with section 276, hereafter mentioned, are all the provisions of the statute which bear directly upon the case. It is. not denied on the part of the plaintiff that they gave to the defendant authority to issue the venire, the service of which made it the duty of the plaintiff to attend as a juror according to its commands; nor that, on his making default, the defendant had authority to impose a fine upon the plaintiff on account of such default, unless reasonably excused. But it is insisted that the power to do this by summary pro- ’ cess was limited to the time while the suit in which the venire issued was pending, and, if done afterwards, it could only be by action. This position is unsound. There is nothing in the statute to indicate a design that the trial of a cause should be suspended, in order to punish a defaulting juror or witness. Section 83 provides only for securing the presence at the trial, by means of an attachment, of a witness whose testimony is material, and it has no other object. No doubt the justice might impose a fine on such witness, under section 86, during the trial, but the attachment by which he should be brought before the court, under section 83, would constitute no part of the proceeding for the imposition of such fine. Section 83 is a remedial provision for the benefit of the party who obtains the attachment under it, and has no reference whatever to the punishment of the witness. The proceedings, therefore, for the punishment of a defaulting witness or juror, whether summary or otherwise, may as well be had after the close of *593 the suit as before, and at any time before the penalty is barred by the statute of limitations.
The- expressions, “ to be prosecuted for and collected,” in section 112, and “ before whom prosecution therefor shall be had,” in section 85, give some countenance to the idea that an action is to be resorted to for the purpose of collecting the fine; but the provisions, taken together, show that this view is fallacious. The fine might be imposed under section 86, which does not contemplate the presence of any plaintiff or prosecuting party. There is no reason for a distinction, in that respect, between a case where the delinquent is present voluntarily to show cause, and one where he is brought in by process for that purpose. There could be no plaintiff, because the statute gives no right of action to any one. A right of action must be absolute, and not contingent, when the action is commenced ; but under this statute everything is contingent until judgment is given. If a cause of action could be found in the statute, it is given to no one, and- there could be no plaintiff. “ The poor of the town ” are not a corporation, and no right is given to the overseers of the poor until after the fine is imposed. If the overseers of the poor were to be the plaintiffs (and there certainly could be no other), the declaration in section 87, that the “ minute of the conviction” “ should be deemed a judgment at their suit,” would be senseless. So if the conviction was to be had only in a regular action, the direction to the justice to enter in his minute of the conviction “the cause thereof" would be superfluous, as the cause would appear in the pleadings. The minute directions of section 243, as to what the justice should enter on his docket during the progress of the cause, would also apply, and would render the minute of the conviction useless. The person charged is also allowed to excuse himself by his own oath, always allowable in summary proceedings, but a privilege not given to a party in any action until nearly thirty years after the passing of this act. I conclude, therefore, that the proceedings for the imposition of the fine were designed to be summary, and to be instituted by the justice without the presence of a prosecuting.party.
*594 With, the jurisdiction to impose the fine, although the statute is silent on the subject, there is given by implication the means indispensable, to its "exercise. (1 Kent's Com., 464; Stief v. Hart, 1 Comst., 30.) The fine cannot be imposed-unless the party “ be present and have an opportunity of being heard ” (§86), and no processus mentioned in immediate connection with these proceedings by which that presence can be secured. It could not be the intention of the legislature that the punishment of a person, guilty of a willful disobedience of legal process, should depend upon his voluntary appearance before the court to receive such punishment. The power to punish, of necessity, gives the power to bring the delinquent before the court for punishment. If no suitable process were in use, and none pointed out by statute, I think it would be the duty of the court to' devise one for the purpose. (Dudley v. Mayhew, 3 Comst., 9; Ewer v. Jones, 2 Salk., 415; Foliamb's case, 5 Coke, 115, a; Bac. Ab., Courts, E.) But the refusal to obey the venire was a contempt, within the common-law' definition of that term (Bouv. Law Dic.; Shaw v. Shaw, 25 Law R., 106), although not a “ criminal contempt," as defined in the statute (2 R. S., 273, § 274), and I regard the case as provided for by section 276, which is as follows: “Mo person shall be punished for á contempt before a justice until an opportunity ' shall have been given him to be heard iri his defence; and for that purpose a justice may issue a warrant to bring the offender before him” This section was, no doubt, designed more immediately to apply to the contempts mentioned in section 274; but the general terms in which it is expressed are broad enough to embrace the present case, and were, doubtless, made thus general for the purpose of embracing this and other like cases, if any should occur within the jurisdiction "of a justice. If that be not so, then the statutes make no express provision, and the justice might, with propriety, adopt that as a course pointed out by the legislature in a case precisely analogous. This he has done. The process by which Robbins was brought before him was, in substance, a warrant. Whether the com *595 mand to the officer be to “attach,” or to “take,” his duty is the same.
The previous summons was proper, but not necessary. If Eobbins had appeared in pursuance of it, the matter might have been legally disposed of upon such appearance; but without his presence no action could be taken upon it, and its effect was that of a notice, and nothing more.
The justice imposed the fine and made up a minute of the conviction, as directed by section 87, but did not enter it in his docket. The judgment was complete and valid when it was pronounced and the minute made up, and its validity was not affected by the failure of the justice to enter it in his docket. (Hall v. Tuttle, 6 Hill, 38; Walrad v. Shuler, 2 Comst., 134.)
The defendant, therefore, not only had jurisdiction to impose the fine, but his proceedings throughout, with the single exception of his failure to enter the minutes of the conviction in his docket (which, although a fault, is not fatal), have been in strict accordance with the statute. The judgment of the Supreme Court should be affirmed.
. All the judges concurring,
Judgment affirmed.